**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

ZUKHRIDDIN DADAZHANOV,

     Petitioner,

v.

DORA CASTRO, in her official capacity as Warden, Otero County Processing Center; MARY DE ANDA-YBARRA, in her official capacity as Field Office Director of the El Paso Field Office of Enforcement and Removal Operations of U.S. Immigration and Customs Enforcement; TODD LYONS, in his official capacity as Acting Director of U.S. Immigration and Customs Enforcement; and; Secretary of the U.S. Department of Homeland Security;

     Respondents.

Case No. 2:26-cv-00653-MIS-KRS

## <u>ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS</u>

**THIS MATTER** is before the Court on Petitioner Zukhriddin Dadazhanov's Petition for Writ of Habeas Corpus ("Petition"), ECF No. 1, filed March 4, 2026. The Court issued the applicable Order to Show Cause, ECF No. 5, on March 5, 2026.

Respondents Secretary of the U.S. Department of Homeland Security, Todd Lyons, and Mary De Anda-Ybarra, ("Federal Respondents") filed a Response to the Petition, ECF No. 7, on March 17, 2026.

Counsel for the federal Respondents acknowledges the facts of this case are "substantially similar" to <u>Duhan v. Noem</u>, No. 2:26-CV-00019-MIS-JFR, 2026 WL 74195 (D.N.M. Jan. 9, 2026), and concede that "the Court's decision in <u>Duhan v. Noem</u>, would control the result here if the Court adheres to that decision, as the facts are not materially distinguishable…." Resp. at 2-3, ECF No.

7. Counsel did not distinguish this case from other cases involving the detention of noncitizens already present in the United States—as opposed to noncitizens detained at a border crossing or port of entry—but argued that Petitioner is an applicant for admission seeking admission subject to mandatory detention under 8 U.S.C. § 1225(b)(2).  Id. at 2-3.  However, despite conceding that the instant case is materially indistinguishable from Duhan, federal respondents argue that "a bond hearing," rather than release, is the appropriate remedy for Petitioner's claims. Id. at 3. The Court disagrees because Respondents give the court no reason to believe Petitioner is a danger to the community or a flight risk, and ordering a bond hearing would unnecessarily prolong Petitioner's unconstitutional detention.

The Court finds that the facts of this case are materially indistinguishable from prior cases the Undersigned Judge has decided involving habeas petitioners who were detained within the United States, rather than at a border crossing or port of entry, and adopts the findings contained in its Order Granting the Petition for Writ of Habeas Corpus in Lopez-Romero v. Lyons, Case No. 2:25-cv-0113-MIS-JHR, 2026 WL 92873 (D.N.M. Jan. 13, 2026). Briefly, the Court finds that 8 U.S.C. § 1226(a) governs Petitioner's detention, his continued detention without a bond hearing violates his Fifth Amendment right to due process, and, as such, he is entitled to habeas relief.  The Court further finds that Respondents failed to articulate a legitimate interest in Petitioner's continued detention and therefore orders his immediate release. See generally Resp., ECF No. 7. The Court further orders that Petitioner shall not be re-detained without a pre-deprivation bond hearing before a neutral Immigration Judge pursuant to 8 U.S.C. § 1226(a), at which the Government must prove by clear and convincing evidence that Petitioner is a danger or flight risk. Finally, the Court retains jurisdiction to ensure compliance with its Order and to entertain any motions for attorneys' fees.

Accordingly, it is **HEREBY ORDERED** that:

1.  Petitioner Zukhriddin Dadazhanov's Petition for a Writ of Habeas Corpus, ECF No. 1, is **GRANTED**;

2.  Respondents are **ORDERED** to immediately release Petitioner from detention;

3.  Respondents **SHALL NOT** re-detain Petitioner without a pre-deprivation hearing before a neutral Immigration Judge pursuant to 8 U.S.C. § 1226(a), at which the Government must prove by clear and convincing evidence that Petitioner is a danger or flight risk; and

4.  Respondents **SHALL RETURN** all personal belongings to Petitioner and provide him with all necessary documents sufficient to board and travel by commercial domestic air. This includes, but is not limited to, Petitioner's identification card and a DHS form authorizing Petitioner's travel by commercial domestic air;

5.  The Court will separately enter Final Judgment in favor of Petitioner but retain jurisdiction over this matter to ensure compliance with this Order and to entertain any motions for attorneys' fees.

_____
**MARGARET STRICKLAND**
UNITED STATES DISTRICT JUDGE